IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MALIK WILLIAMS | : | NO. 02-172-27 |

MEMORANDUM

Dalzell, J.                                                                                                         January 16, 2015

## I.      Introduction

We consider here petitioner Malik Williams's pro se motion for relief from judgment under Rule 60(b)(4). We will deny Williams's motion. Our January 10, 2011 Order reinstating petitioner's judgment of sentence is valid and that judgment is not void for want of jurisdiction or because of any deprivation of due process.

## II.     Factual Background and Procedural History

On October 29, 2004, we sentenced petitioner to 420 months' imprisonment, to be followed by five years' supervised release, a $5,000.00 fine, and a $200.00 special assessment. See October 29, 2004 Order. On appeal, our Court of Appeals vacated that judgment as to Count One and remanded for re-sentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). United States v. Williams, 464 F.3d 443, 449-50 (3d Cir. 2006). On December 1, 2006, petitioner waived his right to be re-sentenced. See December 1, 2006 Minute Entry. On June 8, 2010, petitioner filed a pro se motion under 28 U.S.C. § 2255, which we denied as untimely. See June 29, 2010 Order. Petitioner appealed, and on January 6, 2011 our Court of Appeals denied petitioner's request for a certificate of appealability ruling that his petition was premature as we had not re-entered his judgment of sentence after petitioner waived his right to be resentenced.

See United States v. Williams, C.A. No. 10-3081 (E.D. Pa. Crim. No. 2-02-cr-00172-27) (3d Cir. Jan. 6, 2011). Our Court of Appeals, in its certified order issued in lieu of a mandate, directed us to reinstate the vacated judgment. Id.  Four days later we reinstated our judgment sentencing petitioner. See January 10, 2011 Order.

On February 21, 2012, petitioner filed another pro se motion under 28 U.S.C. § 2255, which we denied as untimely. See July 16, 2012 Order.  Williams appealed and our Court of Appeals again denied petitioner's request for a certificate of appealability. See United States v. Williams, C.A. No. 12-3136 (E.D. Pa. Crim. No. 2-02-cr-00172-27) (3d Cir. Dec. 20, 2012).

On August 12, 2014, petitioner filed a pro se motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). We ordered the Government to respond and permitted petitioner to reply. See November 7, 2014 Order.

### III.     Petitioner's Motion Under Rule 60(b)(4)

In his pro se motion for relief from judgment under Rule 60(b)(4), petitioner asks that we vacate our July 16, 2012 Order in which we denied his motion under 28 U.S.C. § 2255 as untimely. Motion at 1.  He argues that we erred by reinstating his sentence on January 10, 2011 before giving him time to file a petition for rehearing in the Court of Appeals after it denied him a certificate of appealability on January 6, 2011 and directed us to reinstate the judgment of sentence.  Because we did not wait before reinstating that vacated judgment, Williams claims, we lacked jurisdiction to do so. Id. at 3. He claims that by allegedly prematurely reinstating the judgment we prevented him from filing a petition for a rehearing. Id. at 5.  Petitioner argues that, as a result of these alleged errors, our July 16, 2012 Order denying his Section 2255 petition was "a nullity." Id. at 6.

The Government responds that petitioner's motion is both untimely and without merit. Gov't Resp. at unnumbered pages 4, 6.

### A.     Whether Petitioner's Rule 60(b)(4) Motion is Timely

We first consider whether Williams's Rule 60(b)(4) motion is timely. Fed. R. Civ. P. 60(b)(4) permits a court to relieve a party from a final judgment, order, or proceeding when the judgment, order or proceeding is void. Although Fed. R. Civ. P. 60(c)(1) requires that motions made under Rule 60(b) "be made within a reasonable time," that limitation does not apply to motions under Rule 60(b)(4) attacking a judgment as void. United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000) (explaining that "no passage of time can render a void judgment valid, and a court may always take cognizance of a judgment's void status whenever a Rule 60(b) motion is brought").

Our Court of Appeals has acknowledged the "nearly overwhelming authority…for the proposition that there are no time limits with regards to a challenge to a void judgment because of its status as a nullity." Id. at 157; see also On Track Transp., Inc. v. Lakeside Warehouse & Trucking, Co., 245 F.R.D. 213, 216 (E.D. Pa. 2007) ("There is no time limit for moving to vacate a judgment as void under Rule 60(b)(4)."); In re Diet Drugs, 434 F. Supp. 2d 323, 332-33 (E.D. Pa. 2006) (explaining that the Rule 60(b) analysis changes depending upon the subsection under which the motion is brought, and, under subsection (4), "no passage of time can render a void judgment valid").

Other Courts of Appeal agree. See Sea-Land Serv., Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998) (explaining that Rule 60(b)(4) motions cannot be denied solely on the procedural ground that they were not brought within a reasonable time, although delay may lend support to a denial on the merits of such a motion); Carter v. Fenner, 136 F.3d 1000, 1006

3

(5th Cir. 1998) ("While failing to prescribe concrete time limitations, the courts have established that the normal temporal considerations do not apply in the Rule 60(b)(4) context."); Rodd v. Region Constr. Co., 783 F.2d 89, 91 (7th Cir. 1986) (reiterating the Seventh Circuit's prior holding that "the reasonable time criterion of Rule 60(b) as it relates to void judgments, means no time limit, because a void judgment is no judgment at all."); Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) ("There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void."); Misco Leasing, Inc. v. Vaughn, 450 F.2d 257, 260 (10th Cir. 1971) (explaining that motions under Rule 60(b)(4) need not be filed within any particular time if the judgment is a nullity for want of jurisdiction); Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130-31 (11th Cir. 1994) (explaining that a nine-month delay in invoking Rule 60(b)(4) did not defeat the motion because motions under that subsection are not constrained by reasonableness); Austin v. Smith, 312 F.2d 337, 343 (D.C. Cir. 1962) (explaining that Rule 60(b) "places no time limit on an attack upon a void judgment").

Leading treatises acknowledge this unique aspect of Rule 60(b)(4) motions. See 12-60 Moore's Federal Practice – Civil § 60.44[5][c]. Rule 60(c)(1) technically applies to Rule 60(b)(4) motions, but "because of the unique considerations applicable to void judgments, a motion brought many years after the judgment was obtained may nevertheless be made within a 'reasonable' time." Id. Indeed, "[f]or this reason, some authority states that a motion under Rule 60(b)(4) may be made at any time." Id. See also 11 Wright & Miller, Federal Practice & Procedure Civ. § 2862 (3d ed.) (explaining that the nature of Rule 60(b)(4) motions means that the reasonable time rule "cannot be enforced with regard to this class of motion").

As ample authority explains, because petitioner has brought a Rule 60(b) motion under subsection (4), we may consider the merits of his motion.

**B.   Whether Petitioner's Rule 60(b)(4) Motion is Meritorious**

Williams argues that we lacked jurisdiction when we reinstated the judgment of sentence on January 10, 2011. As a consequence of this error, so his argument goes, that judgment is void and our subsequent decision denying his Section 2255 petition was null. Motion at 5-6.

A judgment may be void and subject to relief under Rule 60(b)(4) in three circumstances: (1) the Court rendering the judgment lacked subject matter jurisdiction, (2) the Court rendering the judgment lacked personal jurisdiction over the parties, or (3) it entered "a decree which is not within the powers granted to it by law." Marshall v. Board of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978) (quoting United States v. Walker, 109 U.S. 258, 265-67 (1883)). The third circumstance subjecting a judgment to attack under Rule 60(b)(4) has been described as one in which the rendering court "acted in a manner inconsistent with due process of law." 11 Wright & Miller, Federal Practice & Procedure Civ. § 2862 (3d ed.).[1] Williams may prevail on his Rule 60(b)(4) motion only if he shows that our judgment reinstating his sentence was void for one of those three reasons.

Fed. R. App. P. 41(a) provides that "[u]nless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." Fed. R. App. P. 41(c) dictates that "[t]he mandate is

---

[1] Wright & Miller append this instructive paragraph:

> A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. Of course, although a challenge on one of those three grounds can be made under Rule 60(b)(4), if the court finds that there was subject-matter or personal jurisdiction, or that no due-process violation has occurred, the motion will be denied.

11 Wright & Miller, Federal Practice & Procedure Civ. § 2862 (3d ed.)(footnotes omitted).

effective when issued." The January 6, 2011 Order from our Court of Appeals specifically identifies itself as a certified order issued in lieu of a mandate. United States v. Williams, C.A. No. 10-3081 (E.D. Pa. Crim. No. 2-02-cr-00172-27) (3d Cir. Jan. 6, 2011). Thus, our Court of Appeals did not need to direct a formal mandate to issue because the certified copy of its judgment served as the mandate. That mandate was effective when it issued on January 6, 2011.

Once our Court of Appeals issued that certified order in lieu of a mandate, we on receipt regained jurisdiction over this case. See United States v. Russo, 550 F. Supp. 1315, 1318 (D.N.J. 1982), aff'd without op., 722 F.2d 736 (3d Cir. 1983) (explaining that the Court of Appeals retains jurisdiction over a case until it issues a mandate implementing its decision); see also 20A-341 Moore's Federal Practice – Civil § 341.02 ("Issuance of the mandate ends the jurisdiction of the circuit court and returns jurisdiction to the district court."). We resumed jurisdiction as soon as our Court of Appeals issued the certified copy of the judgment in lieu of the mandate on January 6, 2011. We therefore had jurisdiction over petitioner's case when we reinstated the judgment of sentence on January 10, 2011.

Since we had jurisdiction when we reinstated the judgment of sentence, Williams may only prevail under Rule 60(b)(4) if we deprived him of due process. This Court, and indeed no party, prevented petitioner from appealing our January 10, 2011 Order reinstating his criminal sentence and judgment, nor did our reinstatement preclude him from filing a petition for rehearing in our Court of Appeals. Having failed to show that we lacked jurisdiction or that there was some deprivation of due process, Williams cannot prevail on his motion under Rule 60(b)(4).

**IV.     The Government's Response to Petitioner's Motion**

We are obliged to address the Government's briefing on the issue of whether petitioner's Rule 60(b)(4) motion was timely filed. The Government relied upon <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), to argue that petitioner's Rule 60(b)(4) motion was untimely.

The Supreme Court expressly limited its analysis in <u>Gonzalez</u> to the interplay between Rule 60(b) and <u>habeas</u> petitions filed under 28 U.S.C. § 225<u>4</u>:

> In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court. Federal prisoners generally seek postconviction relief under § 2255, which contains its own provision governing second or successive applications. Although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical. Accordingly, we limit our consideration to § 2254 cases.

<u>Gonzalez</u>, 545 U.S. at 529 n. 3.

We were surprised that the Government did not draw our attention to this critical limitation on the scope of <u>Gonzalez</u> and represented to us in its briefing that <u>Gonzalez</u> dealt with a § 2255 petition. <u>See</u> Gov't Resp. at unnumbered page 4 ("The Court acknowledged that such a filing was permissible without running afoul of the prohibition in <u>Section 2255</u> on second or successive petitions…") (emphasis added). The Government then cited to <u>Gonzalez</u>, 545 U.S. at 534, which only addressed Section 2254. While we might forgive the Government's oversight as a typographical error, the Government again, while citing to <u>Gonzalez</u>, represented that the case dealt with a Section 225<u>5</u> petition. <u>See</u> Gov't Resp. at unnumbered page 5 ("It [the Court] assumed for purposes of the opinion that the district court had mistakenly dismissed the <u>original 2255 motion</u> on statute-of-limitations grounds.") (emphasis added).

While the Government acknowledges that the petitioner in Gonzalez moved under Rule 60(b)(6), see Gov't Resp. at unnumbered pages 5-6, it did not draw our attention to the crucial distinction between Rule 60(b)(6) and Rule 60(b)(4) motions with respect to what constitutes a "reasonable time." The decision by our Court of Appeals in United States v. One Toshiba Color Television, 213 F.3d 147 (3d Cir. 2000), which we discuss, and which petitioner himself discusses in his pro se motion for relief, see Motion. at 1, 6, illustrates this important distinction. See also In re Diet Drugs, 434 F. Supp. 2d 323, 332 (E.D. Pa. 2006) (explaining that the selection of a subsection of Rule 60(b) "is no trivial matter because the legal analysis, timing, and even type of appellate review differ based on the particular subsection of Rule 60(b) invoked.").

The Government's uncharacteristic errors regarding the factual background and scope of Gonzalez are troubling, as are its failure to cite applicable case law from our Circuit, or voluminous other authority from our sister Courts of Appeals, or legal treatises.

**V.    Conclusion**

Petitioner's Rule 60(b)(4) motion is timely but meritless, and we will therefore deny his motion.

BY THE COURT:

/S/ STEWART DALZELL, J.